**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MARY THOMAS,**

                **Plaintiff,**                **No. _____**

**-against-**                                            **COMPLAINT**

**LVNV FUNDING LLC,**

                **Defendant.**

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for the violation by Defendant LVNV Funding LLC of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to be collected by LVNV Funding LLC was an alleged consumer credit debt of Plaintiff Mary Thomas to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff Mary Thomas ("Thomas") is a natural person who resides in the

County of Monroe, State of New York.

4. Upon information and belief, Defendant LVNV Funding LLC ("LVNV Funding"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5. LVNV Funding is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

6. Thomas qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## FACTUAL ALLEGATIONS

7. On or about January 10, 2017, LVNV Funding caused to be filed a collection action against Thomas captioned *LVNV Funding LLC v. Mary Thomas*, City Court of the City of Rochester, Monroe County, New York, Index No. CV-000290-17/RO. The collection action was served on Thomas subsequent to filing.

8. The complaint in the collection action alleged that LVNV Funding purchased and was assigned a credit account on which Thomas had originally been liable for $777.26 to Credit One Bank, N.A.

9. In the collection action, Thomas requested in an interrogatory that LVNV Funding identify and provide copies of all documents showing the chain of title of the alleged assignments from the original creditor to LVNV Funding, including all intermediary assignees.

10. LVNV Funding, in response to this interrogatory, provided the following alleged assignment documents: "Bill of Sale and Assignment from FNBM, LLC to Purchaser" and a "Declaration of Account Transfer." These documents failed to show a chain of title from Credit One Bank, N.A., the alleged original creditor, to LVNV Funding of any account on which Thomas was originally liable to Credit One Bank, N.A. First, there was no assignment from Credit One Bank, N.A. to anyone in the chain of title. Second, none of the assignments identified any account on which Thomas was liable. Third, the alleged assignments referred to documents upon which the assignments relied, but were not provided.

11. The collection complaint was dismissed with prejudice in an arbitration award issued September 19, 2017 pursuant to mandatory arbitration required for civil matters claiming less than $6,000.

12. One or more of the assignors in the alleged chain of title failed to provide Thomas with a notice of assignment as required by New York State law as a prerequisite to collect on the alleged debt.

**FIRST CLAIM – VIOLATIONS OF 15 U.S.C. §§ 1692e and 1692e(2)(A) OF THE FDCPA BASED ON LACK OF OWNERSHIP OF DEBT**

13. Thomas repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

14. LVNV Funding violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." LVNV Funding misrepresented in the collection complaint that for purposes of the collection action it owned through assignment a credit card account

on which Thomas was liable for $777.26 when in fact it failed to show with proper documentation for purposes of the collection action and cannot prove that it was the owner of any such account, or was ever assigned such account.

15. LVNV Funding further violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection summons and complaint the legal status and amount of the alleged debt. LVNV Funding claimed that it owned the alleged debt of $777.26 when in fact, LVNV Funding could not prove such ownership as a basis for bringing the collection action, and therefore had no legal basis on which to ever attempt collection of the debt, or claim that Thomas owed it the amount of $777.26.

16. LVNV Funding also violated Section 1692e(2)(A) of the FDCPA because there was no notice of assignment as required by New York State law provided to Thomas for one or more of the alleged assignments set forth in the collection complaint.

17. LVNV Funding violated Section 1692e(2)(A) of the FDCPA by overstating the amount due in the collection complaint as $777.26, which was not reduced to take into account any benefits realized by the original creditor as a result of charging off the credit card account allegedly assigned to LVNV Funding. LVNV Funding also violated Section 1692e(2)(A) of the FDCPA by claiming that it was entitled to interest on $777.26 from May 11, 2015 despite the fact that it was not entitled to collect $777.26 and further, despite the fact that LVNV Funding claimed that it was not assigned the account until subsequent to June 9, 2015.

18. As a result of such violations, Thomas suffered damages, including actual damages of $340.00 in defending the collection action; actual damages for emotional distress; statutory damages; and attorney fees.

**SECOND CLAIM – VIOLATION OF 15 U.S.C. § 1692e(5) OF THE FDCPA FOR THREATENING JUDGMENT WITHOUT OWNERSHIP**

19. Thomas repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

20. LVNV Funding violated 15 U.S.C. § 1692e(5) by threatening in the collection summons and complaint to take action that cannot be legally taken. Specifically, LVNV Funding threatened to take a judgment on the alleged debt against Thomas, including costs and interest, despite the fact that LVNV Funding was not capable of proving ownership of the debt for purposes of the collection action, and therefore was not legally entitled to take a judgment against Thomas.

21. LVNV Funding further violated 15 U.S.C. 1692e(5) since it was not entitled to pursue collection of the alleged debt under against Thomas under New York State law without each alleged assignor in the chain of title giving Thomas notice of each assignment, and no such notice of assignment was given for one or more assignments in the alleged chain of title.

22. As a result of such violations, Thomas suffered damages, including actual damages of $340.00 in defending the collection action; actual damages for emotional distress; statutory damages; and attorney fees.

**THIRD CLAIM – VIOLATION OF 15 U.S.C. §§ 1692f AND 1692f(1) OF THE FDCPA BASED ON NO AGREEMENT**

23. Thomas repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

24. It is provided in 15 U.S.C. § 1692f, in relevant part: "Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

25. LVNV FUNDING violated the general application of § 1692f because it could not prove that it owned the debt alleged to be owed by Thomas in the collection complaint.

26. LVNV Funding violated the specific conduct prohibited by § 1692f(1) because it could not demonstrate that it was assigned the rights under any agreement that authorized LVNV FUNDING to collect any amount from Thomas with regard to a credit card account allegedly acquired from Sherman Originator LLC.

27. As a result of such violations, Thomas suffered damages, including actual damages of $340.00 in defending the collection action; actual damages for emotional distress; statutory damages; and attorney fees.

**FOURTH CLAIM – DECEPTIVE PRACTICES UNDER NEW YORK LAW**

28. Plaintiff repeats and realleges the foregoing allegations of the complaint.

29. As stated above, LVNV Funding deceptively attempted to collect a consumer debt from Thomas to which the Court determined LVNV Funding could not prove ownership in the collection action.

30. The foregoing deceptive acts and practices in the conduct of its debt collection business with regard to Thomas violated New York General Business Law §349, thereby causing damages to Thomas.

31. New York General Business Law §349(a) provides as follows: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

32. LVNV Funding's deceptive conduct was consumer oriented in that it engaged in deceptive collection activities against Thomas with respect to an alleged consumer debt, and which could affect the public at large. In fact, LVNV Funding engages in collecting consumer debts with regard to numerous other residents of New York in the public at large.

33. LVNV Funding's practices were deceptive and misleading in a material way. The deceptive practices were likely to mislead a reasonable consumer acting reasonably under the circumstances.

34. As a result of LVNV Funding's deception, Thomas suffered actual damages consisting of attorney fees and court costs of $340.00 incurred in defending against LVNV Funding's deceptive collection practices.

35. Plaintiff is also entitled to an award of reasonable attorney fees for prosecuting this action pursuant to §349 of the New York General Business Law.

36. Plaintiff is entitled to punitive damages based on the egregious and unconscionable deceptive practices of LVNV Funding LLC in pursuing debt collection on debts to which it cannot show ownership, as well as collecting on assigned debts for which no notice of assignment has been given to the debtor. These deceptive practices clearly have the potential to affect the public at large. LVNV Funding's conduct is so flagrant that it transcends mere carelessness.

37. Thomas is entitled to treble damages up to $1,000.00 provided for

under §349 of the New York General Business Law, since LVNV Funding's deception was willful and knowing.

38.  Thomas may also be entitled to statutory damages pursuant to §349 of the New York General Business Law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual and statutory damages in amounts to be determined by the Jury and/or Court in Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k.

B. Actual, statutory, treble and punitive damages in amounts to be determined by the Jury and/or Court in Plaintiff's State deceptive practices claim pursuant to New York State General Business Law § 349.

C. Costs and reasonable attorney fees on the FDCPA claims pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees on the State deceptive practices claim pursuant to New York State General Business Law § 349.

E.  Such other and further relief as may be just and proper.

Dated: October 31, 2017

*DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

/s/ David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
401 Penbrooke Dr., Bldg. 2, Ste. B
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com